**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

ALEJANDRO TORRES, on behalf of himself and others similarly situated in the proposed FLSA Collective Action,

                              Plaintiff,

      -against-

MAMAN GROUP NEW YORK CORP., MAMAN TRIBECA LLC, and "JOHN DOES I-V",

                              Defendants.

-------------------------------------------------------------X

**ANSWER**

1:22-CV-05029-LDH-RML

        Defendants Maman Group New York Corp. and Maman Tribeca LLC (collectively "Defendants") answer Plaintiff Alejandro Torres' ("Plaintiff's") Complaint as follows:

### NATURE OF THE ACTION

1. Paragraph 1 states the nature of the action and therefore no response is necessary.

2. Paragraph 2 states the nature of the action and therefore no response is necessary.

### JURISDICTION AND VENUE

3. Paragraph 3 requires a legal conclusion and therefore no response is necessary.

4. Paragraph 4 requires a legal conclusion and therefore no response is necessary.

5. Paragraph 5 requires a legal conclusion and therefore no response is necessary.

### THE PARTIES

6. Defendants deny Paragraph 6 except to admit that Plaintiff was employed by Maman Tribeca LLC March to July 2022.

7. Defendants deny Paragraph 7.

8. Paragraph 8 requires a legal conclusion and therefore no response is necessary.

9. Defendants admit Paragraph 9.

10. Defendants admit Paragraph 10.

11. Paragraph 11 requires a legal conclusion and therefore no response is necessary.

12. Paragraph 12 requires a legal conclusion and therefore no response is necessary.

13. Paragraph 13 requires a legal conclusion and therefore no response is necessary.

14. Defendants admit Paragraph 14.

15. Defendants admit Paragraph 15.

16. Paragraph 16 requires a legal conclusion and therefore no response is necessary.

17. Paragraph 17 requires a legal conclusion and therefore no response is necessary.

18. Paragraph 18 requires a legal conclusion and therefore no response is necessary.

19. Paragraph 19 contains allegations against parties other than Defendants and therefore no response is necessary.

20. Paragraph 20 contains allegations against parties other than Defendants and therefore no response is necessary.

21. Paragraph 21 contains allegations against parties other than Defendants and therefore no response is necessary.

22. Paragraph 22 contains allegations against parties other than Defendants and therefore no response is necessary.

23. Paragraph 23 contains allegations against parties other than Defendants and therefore no response is necessary.

24. Paragraph 24 contains allegations against parties other than Defendants and therefore no response is necessary.

25. Defendants admit Paragraph 25.

26. Paragraph 26 contains allegations against parties other than Defendants and therefore no response is necessary.

27. Paragraph 27 requires a legal conclusion and therefore no response is necessary. To the extent a response is required, Defendants deny same.

28. Paragraph 28 requires a legal conclusion and therefore no response is necessary. To the extent a response is required, Defendants deny same.

29. Paragraph 29 requires a legal conclusion and therefore no response is necessary. To the extent a response is required, Defendants deny same.

30. Paragraph 30 requires a legal conclusion and therefore no response is necessary. To the extent a response is required, Defendants deny same.

31. Paragraph 31 requires a legal conclusion and therefore no response is necessary. To the extent a response is required, Defendants deny Paragraph same.

32. Paragraph 32 requires a legal conclusion and therefore no response is necessary.

33. Defendants deny Paragraph 33 except to admit that Maman Tribeca LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

34. Defendants deny Paragraph 34 except to admit there are Maman cafes in New York City, Montreal, and Toronto.

35. Defendants deny Paragraph 35.

36. Defendants deny Paragraph 36.

37. Defendants deny Paragraph 37.

38. Defendants deny Paragraph 38 except to admit that Maman Tribeca LLC employed Plaintiff.

39. Defendants deny Paragraph 38 except to admit that Maman Tribeca LLC employed Plaintiff from March to July 2022.

40. Defendants deny Paragraph 40.

41. Defendants deny Paragraph 41.

42. Defendants deny Paragraph 42.

43. Defendants deny Paragraph 43.

44. Defendants deny Paragraph 44.

45. Defendants deny Paragraph 45.

46. Defendants deny Paragraph 46.

47. Defendants deny Paragraph 47.

48. Defendants deny Paragraph 48.

49. Defendants deny Paragraph 49.

50. Defendants deny Paragraph 50.

51. Defendants deny Paragraph 51.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

52. Paragraph 52 states the nature of the FLSA collective action and therefore no response is necessary.

53. Defendants deny Paragraph 53.

54. Paragraph 54 requires a legal conclusion and therefore no response is necessary.

55. Paragraph 55 requires a legal conclusion and therefore no response is necessary.

## **FIRST CLAIM**
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq.*)

56. Defendants repeat their responses to the preceding paragraphs as if fully set forth here.

57. Defendants deny Paragraph 57.

58. Defendants deny Paragraph 58.

59. Defendants deny Paragraph 59.

## SECOND CLAIM
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq.*)**

60. Defendants repeat their responses to the preceding paragraphs as if fully set forth here.

61. Defendants deny Paragraph 61.

62. Defendants deny Paragraph 62.

63. Defendants deny Paragraph 63.

64. Defendants deny Paragraph 64.

65. Defendants deny Paragraph 65.

## THIRD CLAIM
**(NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq.*)**

66. Defendants repeat their responses to the preceding paragraphs as if fully set forth here.

67. Defendants deny Paragraph 67.

68. Defendants deny Paragraph 68.

69. Defendants deny Paragraph 69.

## FOURTH CLAIM
**(NYLL – Unpaid Overtime Wages)**

70. Defendants repeat their responses to the preceding paragraphs as if fully set forth here.

71. Defendants deny Paragraph 71.

72. Paragraph 72 requires a legal conclusion and therefore no response is necessary.

73. Defendants deny Paragraph 73.

74. Defendants deny Paragraph 74.

75. Defendants deny Paragraph 75.

## FIFTH CLAIM
### (NYLL WTPA – Failure to Provide Wage Notices)

76. Defendants repeat their responses to the preceding paragraphs as if fully set forth here.

77. Paragraph 77 requires a legal conclusion and therefore no response is necessary.

78. Defendants deny Paragraph 78.

79. Defendants deny Paragraph 79.

## SIXTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

80. Defendants repeat their responses to the preceding paragraphs as if fully set forth here.

81. Defendants deny Paragraph 81.

82. Defendants deny Paragraph 82.

## SEVENTH CLAIM
### (NYLL – Spread-of-Hours-Pay)

83. Defendants repeat their responses to the preceding paragraphs as if fully set forth here.

84. Defendants deny Paragraph 84.

85. Defendants deny Paragraph 85.

86. Defendants deny Paragraph 86.

## PRAYER FOR RELIEF

The "WHEREFORE" clause in Plaintiff's Complaint contains Plaintiff's demand for relief to which no response is required. But to the extent a response is required, Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting anything in the Complaint, Defendants assert the following affirmative and other defenses. In asserting these defenses, Defendants are providing notice to Plaintiff of the defenses they intend to raise. Defendants do not assume the burden of proof as to issues that are as a matter of law Plaintiff's burden to prove.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim for which any relief may be granted, or for which the damages sought may be awarded.

## SECOND DEFENSE

Plaintiff's claims, and the claims of all purported members of the collective action and/or class action are barred, in whole or in part, to the extent they were not filed within the applicable statute of limitations, including under 29 U.S.C. § 255(a).

## THIRD DEFENSE

Plaintiff's claims are barred because he did not work the hours that he alleges to have worked.

## FOURTH DEFENSE

Plaintiff's claims, and the claims of all purported members of the collective action and/or class action, are barred by the equitable doctrines of laches, waiver, estoppel, unclean hands and/or bad faith.

## FIFTH DEFENSE

The Complaint, in whole or in part, fails to adequately allege an employment or joint employment relationship between the Plaintiff and Defendants.

## SIXTH DEFENSE

The Complaint, in whole or in part, fails to adequately allege a joint employer and/or "single enterprise" relationship between some or all defendants.

## SEVENTH DEFENSE

Defendants did not exert the necessary control over the compensation, hours, and/or other terms and conditions of work for any Plaintiff and/or putative class or collective action members who have not performed work for Defendants, and thus Defendants are not a joint employer with any other defendant in this action under the FLSA or the NYLL.

## EIGHTH DEFENSE

Plaintiff's claims, and those of the putative collective action and/or class action members they purport to represent, are barred to the extent those individuals are not "employees" within the meaning of the FLSA or the NYLL.

## NINTH DEFENSE

Plaintiff's claims, and those of the putative collective action and/or class action members they purport to represent, are barred to the extent that these individuals have affirmatively released, waived, or abandoned all or some of the claims raised in the Complaint.

## TENTH DEFENSE

Some or all of the claims in the Complaint asserted by Plaintiff and those of the putative collective action and/or class action members they purport to represent are barred by the doctrines of payment and accord-and-satisfaction.

### ELEVENTH DEFENSE

Plaintiff and all purported members of the collective action and/or class action have received full compensation for all work performed, thereby barring their claims by, among other things, the doctrines of release and payment.

### TWELFTH DEFENSE

Plaintiff's claims, and the claims of those they purport to represent, arising under NYLL § 195 are barred to the extent they were paid complete and timely wages.

### THIRTEENTH DEFENSE

Plaintiff's minimum wage claims, and the minimum wage claims of all the individuals they seek to represent, are barred to the extent they were paid the full minimum wage at all times within the meaning of the FLSA and/or NYLL.

### FOURTEENTH DEFENSE

If Defendants are found to have failed to pay any amount due to the Plaintiff and/or any of the putative class or collective action members they seek to represent, which Defendants deny, Defendants re entitled under the equitable doctrines of setoff and recoupment to offset overpayments to Plaintiff and/or any putative class or collective action members against any judgment.

### FIFTEENTH DEFENSE

Some or all of the time that Plaintiff and the individuals they seek to represent claim to have worked is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

### SIXTEENTH DEFENSE

Plaintiff's claims and the claims of the putative class or collective action members are barred to the extent the time periods for which they are claiming entitled to compensation fall within the *de minimis* exception to the applicable laws.

**SEVENTEENTH DEFENSE**

Plaintiff's claims, and those of the putative collective action and/or class action members they purport to represent, are barred to the extent they concern hours during which these individuals were engaged in activities that were preliminary or subsequent to their alleged work activities.

**EIGHTEENTH DEFENSE**

Plaintiff's claims, and those of the putative collective action and/or class action members they purport to represent, are barred to the extent Defendants lacked actual or constructive knowledge of the hours allegedly worked.

**NINETEENTH DEFENSE**

Plaintiff's monetary claims, and the claims of the putative class or collective members they seek to represent, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendants.

**TWENTIETH DEFENSE**

Plaintiff lacks standing to seek any injunctive or declaratory relief, on behalf of themselves or any of the individuals they seek to represent.

**TWENTY-FIRST DEFENSE**

Plaintiff lacks standing to assert claims under the FLSA or NYLL for front pay and/or any general and special damages for lost compensation and benefits alleged in the Complaint.

**TWENTY-SECOND DEFENSE**

Plaintiff cannot satisfy any of the requirements for certification of a class or subclass under FRCP Rule 23.

**TWENTY-THIRD DEFENSE**

Plaintiff is inadequate and atypical representatives the putative class or collective action

members they purport to represent, and/or Plaintiff's interests are in conflict with those individuals he seeks to represent.

### TWENTY-FOURTH DEFENSE

Plaintiff is not entitled to certification of this action as a collective action under the FLSA because Plaintiff and the putative collective action members he seeks to represent are not similarly situated to one another, Plaintiff's claims require individualized inquiries and/or proof of damages would require separate trials.

### TWENTY-FIFTH DEFENSE

Plaintiff's joinder of multiple, unrelated defendants into this single action is improper under FRCP Rule 20, because, among other things, Plaintiff's claims do not arise out of the same transaction or occurrence or series of transactions or occurrences as required by the Federal Rules, and is prejudicial to Defendants.

### TWENTY-SIXTH DEFENSE

Class or collective treatment of this action is improper because establishing an employment relationship, and establishing overtime or minimum wage injuries on a class-wide basis, are not susceptible to common proof.

### TWENTY-SEVENTH DEFENSE

Because liability and/or damages, if any, to each member of the group(s) that Plaintiff seek to represent may not be determined by a single jury or on a group-wide basis, allowing this action to proceed as a class action would violate Defendants' rights under the Seventh and Fourteenth Amendments to the United States Constitution.

### TWENTY-EIGHTH DEFENSE

If Defendants are found to have failed to compensate Plaintiff or any purported member of the class or collective alleged as in the Complaint any amount due, which Defendants deny,

Defendants acted at all times on the basis of good faith and reasonable belief that their actions were in compliance and conformity with all applicable federal and state laws and/or written administrative regulations, orders, rulings, guidance and/or interpretations, and therefore, the Defendants' actions were not willful or in reckless disregard of the FLSA or NYLL. Accordingly, Plaintiff and/or any of the putative class or collective action members he seeks to represent are not entitled to liquidated damages under the FLSA or NYLL, and the FLSA's two-year statute of limitations should apply.

## TWENTY-NINTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which either pre-judgment or post-judgment interest, liquidated damages, attorneys' fees, expert fees, other fees and costs, and/or statutory penalties may be awarded.

## THIRTIETH DEFENSE

To the extent Plaintiff seeks recovery for any punitive damages, any allegations in support of such a claim should be stricken because any award of punitive damages would violate Defendants' constitutional rights under the Fifth and Fourteenth Amendments, and excessive fines and cruel and unusual punishment clauses of the Eighth Amendment or the to the United States Constitution.

## THIRTY-FIRST DEFENSE

Plaintiff is not entitled to recover any liquidated, multiple, or punitive damages, and any allegations in support of a claim for liquated, multiple, or punitive damages should be stricken because any award of liquidated, multiple, or punitive damages in this action would deny Defendants the due process of law.

## THIRTY-SECOND DEFENSE

In the event a Rule 23 class or subclass or FLSA collective action is certified in this matter,

Defendants incorporate by reference and realleges all of their defenses to Plaintiff's individual claims in response to the claims of each class and/or collective member. Defendants further notes that additional affirmative defenses may apply to any opt-in plaintiffs or class members, which defenses are reserved and will be asserted at an appropriate time following any certification order (conditional or otherwise).

Defendants reserve the right to raise additional affirmative and other defenses as may be appropriate based on information learned during the course of discovery.

For these reasons, Defendants request that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting Defendants their attorneys' fees and costs; and granting Defendants such other relief as the Court may deem just and proper.

Dated: January 11, 2023

*/s/ Anjanette Cabrera*
Anjanette Cabrera
Timothy Barbetta
Constangy, Brooks, Smith & Prophete LLP
175 Pearl Street
Brooklyn, New York 11201
646.341.6544
acabrera@constangy.com
tbarbetta@constangy.com
**ATTORNEYS FOR DEFENDANTS
MAMAN GROUP NEW YORK CORP.
AND MAMAN TRIBECA LLC**

## CERTIFICATE OF SERVICE

      I affirm that on January 11, 2023, I electronically filed the **ANSWER** using the Court's Electronic Filing System, which will send notice to Plaintiff's attorney:

>Joshua Levin-Epstein
>Jason Mizrahi
>Levin-Epstein & Associates, P.C.
>60 East 42nd Street, Suite 4700
>New York, New York 10165
>212.792.0046
>Joshua@levinepstein.com

                                                */s/ Anjanette Cabrera*
                                                Anjanette Cabrera